UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-20393-ALTONAGA/REID

15 U.S.C. § 1

UNITED STATES OF AMERICA

vs.

DENNIS DOPICO,

　　　　Defendant.
_____/

FILED BY BM D.C.
Sep 10, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## INFORMATION

The United States of America, through its attorneys, charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Information, unless otherwise specified:

1. From at least as early as July 2023 through in or around April 2025, **DENNIS DOPICO** was the Vice President of Company 1, a company organized and existing under the laws of Florida with its headquarters in Miami, Florida.

2. During this period, Company 1 operated a seafood processing center whereby it sold stone crab claws and spiny lobsters to restaurants, wholesalers, and consumers, including shipping such products throughout the United States and overseas.

3. Company 1 purchased its supply of stone crab claws and spiny lobsters from fishermen who harvested them in various Florida locations, including the Gulf of America and the Florida Keys. **DENNIS DOPICO**'s responsibilities at Company 1 included negotiating and purchasing stone crab claws and spiny lobsters from these fishermen.

4. When they sold their harvest to Company 1 and other companies, fishermen attempted to negotiate the price and quantity at which they sold their stone crab claws and spiny lobsters, typically choosing to sell to those buyers willing to pay the most for their harvest.

5. Other co-conspirators, that is, other companies and individuals, performed acts and made statements in furtherance of the conspiracy.

6. Individual 2 was the president and owner of Company 2, which was a company organized and existing under the laws of Florida.

7. Individual 3 was the manager for purchasing and sales for Company 3, which was a company organized and existing under the laws of Florida.

8. Individual 4 was formerly the manager of purchasing and sales for Company 4, which was a company organized and existing under the laws of Florida.

9. Individual 5 was the manager of purchasing and sales for Company 5, which was a company organized and existing under the laws of Florida.

10. Whenever this Information references any act, deed, or transaction of any company, the allegation means that the company engaged in the act, deed, or transaction by or through its officers, directors, employees, agents, or other representatives while they were actively engaged in the management, direction, control, or transaction of the company's business or affairs.

## SHERMAN ANTITRUST ACT CONSPIRACY
### (15 U.S.C. § 1)

11. From at least in or around July 2023 through at least in or around April 2025, in the Southern District of Florida and elsewhere, the defendant,

**DENNIS DOPICO,**

knowingly joined and participated in a conspiracy with other persons and entities, known and unknown to the United States, to suppress and eliminate competition by fixing the prices paid to fishermen for stone crab claws and spiny lobsters harvested in Florida.

12. The combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among **DENNIS DOPICO** and his co-conspirators, the substantial terms of which were to depress, fix, stabilize, and maintain prices paid to fishermen for their harvest of stone crab claws and spiny lobsters.

13. The conspiracy engaged in by **DENNIS DOPICO** and his co-conspirators was *per se* unlawful, and thus an unreasonable, restraint of interstate commerce, in violation of the Sherman Antitrust Act, Title 15, United States Code, Section 1.

## MEANS AND METHODS

14. For purposes of forming and carrying out the combination and conspiracy, the defendant, **DENNIS DOPICO**, and his co-conspirators, which include Individual 2, Individual 3, Individual 4, and Individual 5, did those things that they combined and conspired to do, including, among other things:

    a. participated in meetings, conversations, and communications regarding the prices to be paid to fishermen for their harvested stone crab claws and spiny lobsters;

    b. agreed during various meetings, conversations, and communications to depress, fix, stabilize, and maintain prices for stone crab claws and spiny lobsters purchased from fishermen;

    c. discussed and exchanged pricing information for stone crab claws and spiny lobsters for the purpose of carrying out the agreement;

      d.      implemented fixed and depressed prices for stone crab claws and spiny lobsters in accordance with the agreement reached;

      e.      communicated with one another to confirm that they had in fact notified fishermen of the fixed and depressed prices; and

      f.      paid fishermen for stone crab claws and spiny lobsters at collusive, non-competitive prices.

15.     For example, on or about September 28, 2023, following communications between a co-conspirator (hereinafter "Individual 2") and **DENNIS DOPICO** regarding the prices for spiny lobster that **DOPICO** was paying to fishermen, Individual 2 responded in a text message, "ok thanks[,]" to which **DOPICO** replied "[d]on't show text to anyone[.] Confidential[.]" The co-conspirator responded, "I give you my word. We're working together now[,] not against each other[.]" Individual 2 was the president and owner of Company 2, which was a major purchaser of stone crab claws and spiny lobsters in Florida.

16.     Later, on or about October 13, 2023, Individual 2 texted Company 2's stone crab claw prices to **DENNIS DOPICO**, stating: "Everglades city 14.50[,] 22.50[,] 34.00[, and] 37.00[.]" **DOPICO** responded, "[l]et me know what you do. I am matching your prices. It's the one we like the most[.]"

## TRADE AND COMMERCE

17.     At all times relevant to this Information, the business activities of the defendant, **DENNIS DOPICO**, and his co-conspirators were within the continuous and uninterrupted flow of, and substantially affected, interstate trade and commerce.

18.     For example, **DENNIS DOPICO** and his co-conspirators made payments to fishermen that traveled in interstate trade and commerce.

4

19. In addition, **DENNIS DOPICO** and his co-conspirators sold and shipped stone crab claws and spiny lobsters from Florida to customers located in other states in the United States and internationally. Such shipments by **DOPICO** and his co-conspirators, as well as payments received for them, traveled in interstate trade and commerce.

All in violation of Title 15, United States Code, Section 1.

GAIL SLATER
ASSISTANT ATTORNEY GENERAL
U.S. DEPARTMENT OF JUSTICE
ANTITRUST DIVISION

DAVID TAYLOR BERNHARDT
ZACHARY TROTTER
HALEY PENNINGTON
TRIAL ATTORNEYS
ANTITRUST DIVISION

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

NALINA SOMBUNTHAM
ASSISTANT UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: 25-CR-20393-ALTONAGA/REID

v.

DENNIS DOPICO,

_____ /
Defendant.

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
- [x] Miami
- [ ] Key West
- [ ] FTP
- [ ] FTL
- [ ] WPB

I do hereby certify that:

1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect: _____

4. This case will take __0__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I [x] 0 to 5 days
   - II [ ] 6 to 10 days
   - III [ ] 11 to 20 days
   - IV [ ] 21 to 60 days
   - V [ ] 61 days and over

   (Check only one)
   - [ ] Petty
   - [ ] Minor
   - [ ] Misdemeanor
   - [x] Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Judge _____ Magistrate Case No. _____

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

9. Defendant(s) in federal custody as of _____

10. Defendant(s) in state custody as of _____

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No) No

13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No

14. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

15. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

16. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No

By _____
Nalina Sombuntham
Assistant United States Attorney
FL Bar No. 96139

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** __DENNIS DOPICO__

**Case No:** _____

Count #: 1

Sherman Antitrust Act Conspiracy

Title 15, United States Code, Section 1
* **Max. Term of Imprisonment:** Ten (10) years' imprisonment
* **Max. Term of Supervised Release:** Three (3) years' imprisonment
* **Max. Fine:** greatest of $1,000,000, twice the gross pecuniary gain, or twice the gross pecuniary loss

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) Case No. **25-CR-20393-ALTONAGA/REID** |
| DENNIS DOPICO, | ) |
| *Defendant* | ) |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Robert N. Pelier, Esq.
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NUMBER: 25-CR-20393-ALTONAGA/REID

### BOND RECOMMENDATION

DEFENDANT: DENNIS DOPICO

Personal Surety
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA: Nalina Sombuntham

Last Known Address: [redacted]

What Facility:

Agent(s): Cedric Chevalier, Special Agent
(FBI)  (SECRET SERVICE)  (DEA)  (IRS)  (ICE)  (**OTHER**)
U.S. Fish and Wildlife Service